Dear Ms. Toups:
You have requested an opinion of the Attorney General regarding the fees established and collected by the Board of Physical Therapy Examiners (Board) pursuant to R.S. 37:2406(A). It provides:
 § 2406. Fees
 A. The Board may establish and collect fees. The fees shall be established by rule adopted in accordance with the Administrative Procedure Act, R.S. 49:950 et seq.
Pursuant to the above statutory authority, the Board promulgated a rule under which it imposes and collects $310 per applicant for an examination fee. The fee was promulgated by the board pursuant to the Administrative Procedure Act and took effect prior to the effective date of Article VII, Section 2.1(A) of the 1974 Louisiana Constitution. The rule provides:
The Board may collect the following fees:
Examination fee ................... $ 310
Article VII, Section 2.1(A) provides:
 § 2.1 Fees and Civil Fines; Limitation
 Section 2.1. (A) Any new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or any board, department, or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature. [Emphasis added.]
You state that the examination fee of $310 collected by the Board is comprised of the following:
 1. $185 to Professional Examination Service representing the cost of the national licensure examination;
2. $75 license fee for the calendar year; and
 3. $50 administration fee for calligraphy cost, temporary permit, wallet card, mailing cost, and cost of materials to establish the licensee's file.
In addition to the above fees, applicants pay directly to Sylvan Learning Centers a fee for taking the national licensure examination by computer. The Board is not involved in collecting this fee since it is paid, out-of-pocket, by the applicant to Sylvan.
The Board has recently been notified that, effective January 1, 2000, Professional Examination Service will increase the cost of the examination from $185 to $285 per applicant. This will result in an increase in the examination fee imposed by the Board from $310 to $410. Initially, you ask whether such an increase is subject to the provisions of Article VII, Section 2.1(A) so as to require a two-thirds vote of the elected members of each House to approve the increase. If so, you ask whether such a legislative bill must be submitted in a fiscal session, or may it be submitted in a regular legislative session.
Initially, we find that the Board constitutes a "state board" subject to Article VII, Section 2.1. Consequently, should the Board decide to amend its rule to increase its examination fee above $310, the increase would be governed by the two-third vote requirement in Article VII, Section 2.1(A).
Article III, Section 2 of the 1974 Louisiana Constitution provides with respect to legislative sessions the following:
 § 2. Sessions
 Section 2.
 * * *
 (2) All regular sessions convening in odd-numbered years shall be general in nature. . . .No measure levying or authorizing a new tax by the state . . ., increasing an existing tax by the state . . ., or legislating with regard to tax exemptions, exclusions, deductions or credits shall be introduced or enacted during a regular session held in an odd-numbered year. . . .
 (3) All regular sessions convening in even-numbered years. . . .shall be restricted to the consideration of legislation which provides for enactment of a general appropriations bill, implementation of a capital budget, for making an appropriation, levying or authorizing a new tax, increasing an existing tax, legislating with regard to tax exemptions, exclusions, deductions, reductions, repeal, or credits, or issuing bonds. . . .[Emphasis added.]
It is the opinion of this office that the increase, in question, involves a fee, not a tax. Therefore, any legislative action to increase the fee should be brought in a regular session convening in an odd-numbered year.
In the alternative, you state that the Board is contemplating requiring the applicant to pay the cost of the examination directly to Professional Examination Service without the Board acting as a collection conduit. Under this scenario, the remaining costs charged by the Board (i.e., $125) would not exceed its self-imposed cap. You ask whether it is necessary for the Board to amend its existing rule with regard to the examination fee.
In answer to your question, we refer you to R.S. 37:2406, quotedsupra. It mandates that fees shall be established by rule adopted in accordance with the Administrative Procedure Act. The Board has already promulgated its rule authorizing it to collect up to $310 for an examination fee. We are of the opinion that the rule need not be amended. However, should the Board, in the future, desire to increase the fee it collects to an amount in excess of $125, Article VII, Section 2.1(A) would control.
Finally, you ask whether it would be necessary for the Board to amend its current rule if it continued to collect the cost of the examination payable to Professional Examination Service from the applicant, but dispense with other fees and administrative costs. This would allow the examination fee as currently set forth in the rule to remain unchanged.
In answer to your question, it is the opinion of this office that if the examination fee imposed by the Board remains at $310, there would be no need for the Board to amend its rule, nor would it be necessary to comply with Article VII, Section 2.1(A).
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla
cc: Michael A. Tomino, Jr. Legal Counsel for the LA State Board of Physical Therapy Examiners
Date Received:
Date Released:
Robert E. Harroun, III
Assistant Attorney General